JOHNSON CO. v. PACIFIC ROLLING MILLS CO.

(Circuit Court, N. D. California. November 27, 1893.)

1. PATENTS—INVENTION—RAILWAY CHAIRS.
    There is no invention in riveting clips to a railway chair, when the prior art includes chairs of substantially the same form, having the clips integral with the chair, and pressed out of it.

2. SAME—RAILWAY CHAIRS.
    The Entwisle patent, No. 364,996, for a railway chair, is void for want of invention.

In Equity. Suit for infringement of letters patent No. 364,996, issued June 14, 1887, to Edward B. Entwisle, for an improvement in railway chairs. Bill dismissed.

William F. Booth, for complainant.
Wheaton, Kallock & Kierce, for respondent.

McKENNA, Circuit Judge, (orally.) This is a suit for an infringement of a patent for a new article of manufacture, described as a "railway chair." It consists of a box chair, to which are riveted

side clips, one on either side of the chair, set staggered with reference to one another. In one claim of the patent it is described as follows:

"As a new article of manufacture, a railroad rail chair of the hollow or box form described, provided with two side clips, as B, B, diagonally riveted, one on each side, to the sides of said chair. * * *"

The defendant's device is an imitation, and undoubtedly infringes. But it is claimed the plaintiff's article is not an invention. Railway chairs existed in substantially, if not precisely, the same form as plaintiff's, having clips set diagonally one to the other, but, instead of being riveted on, are integral with the chair, being pressed out of it. The change plaintiff made was to rivet the clips. I do not think the change involved invention. It caused no change in use or operation. It is claimed that it was a cheaper chair, and could be made in a blacksmith shop, while the other required a machine shop. The evidence of cheapness or of making is not very satisfactory.

The bill is dismissed.